SANDERS *v.* STATE OF INDIANA.

[No. 667S26. Filed January 9, 1968.]

*Rice and VanStone,* of Evansville, for appellant.

*John J. Dillon,* Attorney General, and *Duejean Clements Garrett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with assault and battery with intent to kill under Burns' Ind. Stat. Anno. § 10-401a (Supp. 1967). He was found guilty of assault and battery with intent to commit a felony, being Burns' Ind. Stat. Anno. § 10-401 (Supp. 1967). The affidavit charging the offense reads as follows:

"AFFIDAVIT FOR
ASSAULT AND BATTERY WITH
INTENT TO KILL

State of Indiana, Vanderburgh County, ss:

HERBERT HODGE being duly sworn upon his oath says that WILLIAM HERSHELL SANDERS on or about the 11th day of September, A.D., 1966, at said County and State as affiant verily believes did then and there unlawfully and feloniously and in a rude, insolent and angry manner, touch, beat, strike and wound, by shooting with a revolver, RONALD BURK, then and there being, with the felonious intent then and there and thereby to kill the said RONALD BURK, then and there being, against the will of the said RONALD BURK. . . ."

The only contention made on this appeal is that assault and battery with intent to commit a felony is not an included offense under assault and battery with intent to kill.

The evidence shows briefly that the appellant was engaged in a brawl with Thomas Sisk, and Ronald Burk attempted to interfere. The appellant turned and shot him in the neck and lung. The court told the jury by its instruction number 7 that assault and battery with intent to commit a felony

was an included offense under the charge of assault and battery with intent to kill.

Such a statement cannot be true. The offense of assault and battery with intent to commit a felony expressly excludes "felonious homicide." It reads as follows:

> "Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony *other than a felonious homicide*, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years." (Our italics) Acts 1905, ch. 169, § 352, p. 584; 1927, ch. 203, § 2, p. 580; 1959, ch. 121, § 7, p. 321, being Burns' Ind. Stat. Anno. § 10-401 (Supp. 1967).

The above act was passed at the 1959 session of the Indiana General Assembly. At the same session it passed also the statute making assault and battery with intent to kill a crime (Burns' § 10-401a), thus specifically separating the two offenses of assault and battery with intent to commit a felony and assault and battery with intent to kill.

For the reasons stated, the judgment is reversed, and the trial court is directed to grant the appellant a new trial.

Lewis, C. J. and Mote, Hunter and Jackson, J., concur.

NOTE.—Reported in 232 N. E. 2d 591.